IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RALPH C. BETHEA,** | |
| **Plaintiff,** | |
| v. | Case No. 4:24-CV-00214-SEH-CDL |
| **THE CITY OF TULSA, OKLAHOMA;** **THE CITY OF TULSA ATTORNEY GENERAL;** **THE STATE OF OKLAHOMA;** **THE ATTORNEY GENERAL, STATE OF OKLAHOMA,** | |
| **Defendants.** | |

## OPINION AND ORDER

Before the Court are motions to dismiss from Defendants City of Tulsa ("City"), State of Oklahoma ("State"), and the Oklahoma Attorney General. [ECF Nos. 7, 8]. Through the complaint, Plaintiff alleges he was "peacefully worshipping God in his own church" when he was arrested by Tulsa Police officers for trespassing. [ECF No. 3-2 at ¶ 1]. He claims he was subsequently denied a jury trial in violation of the United States Constitution and the "Supreme Court laws of Oklahoma." [*Id.* at ¶ 2]. Because the complaint fails to state a claim upon which relief can be granted, the Court dismisses it without prejudice.

I. <u>Standard</u>

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When determining whether to dismiss a complaint, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The analysis requires a two-pronged approach. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," i.e., those allegations which are merely conclusory. *Iqbal*, 56 U.S. at 680–81. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.* at 679. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Second, the court assumes the veracity of "well-pleaded factual allegations" and determines "whether they plausibly give rise to an entitlement to relief." *Iqbal*, 56 U.S. at 679. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id.*

The court must liberally construe allegations contained in a *pro se* complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff still has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so …." *Id.* But the court is not required to accept "mere conclusions characterizing pleaded facts …." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). And a court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

3

## II. The Complaint

The complaint describes an incident that occurred on November 6, 2022, at the South Tulsa Baptist Church in Tulsa, Oklahoma. [ECF No. 3-2 at ¶ 1.] Plaintiff claims that Tulsa Police officers told him he had "no right to worship God there or in the future because the pastor did not want him there." [*Id.*]. Plaintiff was then arrested, and the case was assigned to Judge Hofmeister in the City of Tulsa's municipal court. [*Id.* at ¶ 2].

Plaintiff requested a jury trial and asked that the case be dismissed because "the city should not be involved in non-violent religious matters." [*Id.* at ¶¶ 2–3]. Both requests were denied. [*Id.*]. Plaintiff now seeks "a Jury Trial in his home county to decide the legality of Hofmeister's actions" and demands a $7 million fine be imposed against the City and the State if a jury finds the defendants "guilty of tolerating and defending the abuse of a lawful citizen and minister under both the US Constitution and Oklahoma First and Seventh Amendment Rights." [*Id.* at ¶ 5–6.] He also requests that his municipal trespassing conviction be "reversed and erased from his record" and demands an official apology from the State and the City. [*Id.* at ¶6].

## III. Procedural Background

This case was initiated in the District Court of Mayes County on April 10, 2024. [ECF No. 3-1]. The Oklahoma Attorney General removed the action to this Court, and the City, State, and Oklahoma Attorney General filed

4

motions to dismiss. [ECF Nos. 3, 7, 8]. The State and the Oklahoma Attorney General (collectively, "State Defendants") argue that the complaint does not contain sufficient facts to show deprivation of Plaintiff's constitutional rights and fails to allege that the deprivation of his rights was caused by a "person" under color of state law. [ECF No. 7 at 3]. The State Defendants further contend each is immune from suit. [*Id.* at 8–11].

For its part, the City argues that the complaint does not contain sufficient facts to state a claim for relief and fails to demonstrate a causal link between a municipal policy or custom and the alleged constitutional deprivation. [ECF No. 8 at 3–4]. Additionally, the City maintains that the Seventh Amendment does not apply in a misdemeanor trespass case and that the Oklahoma Constitution does not require defendants be permitted a jury trial unless the punishment for the offense is a fine less than $1,500.00. [*Id.* at 5].

Plaintiff does not respond to the motions to dismiss.

## IV. <u>Discussion</u>

Although the complaint consists of just a few paragraphs of allegations, the Court gleans from the facts that Plaintiff seeks redress for an alleged violation of his Due Process rights by state actors. Plaintiff argues that his rights were violated when he was arrested for trespassing, and that his rights were again violated when he was denied a jury trial on the resulting charge. [ECF No. 3-2 at ¶ 1–2].

5

The Court liberally construes Plaintiff's complaint as one brought under 42 U.S.C. § 1983. Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. "Accordingly, the first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (cleaned up).

Plaintiff names as defendants the City of Tulsa Attorney General[1] and the Oklahoma Attorney General. However, Plaintiff's complaint is devoid of any factual allegations that these officials, through their own actions, violated the Constitution. Because Plaintiff bears the burden of alleging sufficient facts upon which a legal claim could be based, the Court concludes that the complaint fails to state a claim against either the Oklahoma Attorney General or the "City of Tulsa Attorney General." *Iqbal*, 556 U.S. at 676.

Although not a named defendant, Judge Hofmeister is alleged to have "repeatedly denied plaintiff his right to a jury trial." [ECF No. 3-2 at ¶ 2]. However, had Plaintiff named Judge Hofmeister as a defendant, any claims

---

[1] The Court is unaware of any government official known as the "City of Tulsa Attorney General." But even assuming Plaintiff meant to reference the chief legal officer of the City of Tulsa, the analysis does not change.

6

against him would be barred by the doctrine of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (holding that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself and the expectations of the parties). Further, it "is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. § 1983." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986).

This leaves the two governmental defendants. States like Oklahoma can generally "not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). In providing a federal forum for civil rights claims, Congress chose "not [to] provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). For this reason, the complaint fails to state a claim against Defendant State of Oklahoma.

Conversely, the City is a proper defendant and a "person" within the meaning of § 1983. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). To establish municipal liability, a plaintiff cannot simply hold the city liable for the constitutional violations of its employees under a respondeat superior theory. *Id.* at 691. The municipality is instead liable

7

when "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" is causally related to the unconditional act of that municipality's employee. *Id.* at 690.

Plaintiff alleges that the arresting officers violated his First Amendment right to "worship God as he wished." [ECF No. 3-2 at ¶ 3.] He mentions other violations of his rights, albeit with less specificity.[2] But the complaint contains no allegation that any policy statement, ordinance or regulation of the City was responsible for the alleged constitutional violations he suffered. For this reason, the complaint fails to state a claim against Defendant City of Tulsa.

Finally, the complaint requests that this Court order Plaintiff's municipal conviction vacated. Plaintiff provides no citation to law that would authorize this Court to vacate the municipal court's conviction, nor is the Court aware of any. On the contrary, there is substantial reason to doubt that the Court has any such authority. *See, generally, Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *e.g., Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker–Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments."). When a claim runs afoul of *Rooker-*

---

[2] For instance, Plaintiff alleges that, "the City of Tulsa [is] guilty of tolerating and defending the abuse of a lawful citizen and minister …." [ECF No. 3-2 at ¶ 6].

*Feldman*, dismissal for lack of jurisdiction is appropriate. *Mann v. Boatright*, 477 F.3d 1140, 1145–46 (10th Cir. 2007). This Court has no jurisdiction to vacate the municipal conviction.

## V. Conclusion

For the reasons stated above, the Court finds the complaint fails to state a claim upon which relief may be granted. Therefore, it will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss [ECF Nos. 7, 8] are GRANTED and the complaint is dismissed without prejudice. A separate judgment will enter.

**DATED** this 4th day of March, 2026.

*[signature: Sara Hill]*

Sara E. Hill
UNITED STATES DISTRICT JUDGE